524 P.2d 198

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Dan Curtis BEAL, Defendant-Appellant.**

**No. 1367.**

Court of Appeals of New Mexico.

June 19, 1974.

Steven P. Michael, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Louis Druxman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of armed robbery contrary to § 40A–16–2, N.M.S.A.1953 (Repl.Vol.1972) defendant appeals. He asserts two grounds for reversal. They relate to "mug shots" and a refused requested instruction. We affirm.

*Mug Shots*

Defendant asserts the trial court erred in denying his motion to suppress and admitting certain "mug shots," from which the defendant was identified, into evidence. The claim is that the photographic identification procedure was impermissibly suggestive and this procedure tainted the in-court identification.

The victim was robbed by two young black males. The victim testified that one of the men (defendant) was in the store the evening before the robbery. After the robbery the victim went to police headquarters and looked at more than ten "mug shots." No officer was in the room during this time. No identification was made. The following day the victim was shown five "mug shots." She identified one of the robbers who is not the defendant in this case. A few days later she was shown five other "mug shots." She identified the defendant. The victim testified that at no time did the police in any way say or indicate anything which would be suggestive while she viewed the "mug shots."

The record is void of any indication that the viewing of the "mug shots" was in any way suggestive. Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968); State v. Jones, 83 N.M. 600, 495 P.2d 380 (Ct.App.1972). Thus, the trial court did not err in denying the motion to suppress and there is no factual basis for the claim that in-court identification was tainted.

*Instruction*

Defendant's refused requested instruction read:

"There is no evidence in the record connecting the defendant with the crime charged except the testimony of Viola M. Vickery; therefore, before you can find the defendant guilty, you must believe the statements of the said Viola M. Vickery to your satisfaction and beyond a reasonable doubt."

Instruction should be read as a whole and where other instructions adequately cover the law refusal to give a separate instruction is not error. State v. Rushing, 85 N.M. 540, 514 P.2d 297 (1973). Here, the trial court by its instructions Nos. 13 and 17 adequately instructed the jury as to reasonable doubt and credibility of the witnesses.

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.