569 P.2d 417

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Joseph Edgar ROQUE,
Defendant-Appellant.**

**No. 2961.**

Court of Appeals of New Mexico.

Aug. 16, 1977.

Writ of Certiorari Denied Sept. 9, 1977.

Bruce A. Kelly, Albuquerque, for defendant-appellant.

Tony Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of robbery while armed with a deadly weapon, defendant appeals. Numerous issues listed in the docketing statement were not briefed and are deemed abandoned. *State v. Vogenthaler,* 89 N.M. 150, 548 P.2d 112 (Ct.App.1976). We discuss the issues that were briefed. They are: (1) validity of the indictment; (2) enhancement of sentence; and (3) instructions, both given and refused.

*Validity of the Indictment*

The indictment is headed "Crime: ROBBERY WHILE ARMED WITH A DEADLY WEAPON (Firearm Enhancement)". The body of the indictment reads:

"That on or about the 15th day of October, 1976, in Bernalillo County, New Mexico, the above-named defendant did commit a theft of a thing of value, to wit: certain monies, from the person or from the immediate control of Citizen's State Bank, 2901 Candelaria, N.E., by use or threatened use of force or violence, and the said defendant was working in concert with and as an accomplice of James Lee Deuchars who was armed with a deadly weapon, to wit: a firearm, contrary to Sections 40A–16–2, 40A–29–3.1, N.M.S.A.1953, as amended."

### A. Charge of Being an Accessory

■ The robber was Deuchars; defendant was an accessory. Defendant claims the indictment fails to charge him as an accessory. He contends the language alleging that "defendant was working in concert with and as an accomplice" of Deuchars was insufficient to charge him with being an accessory. He points out that the indictment does not refer to the accessory statute, § 40A–1–14, N.M.S.A.1953 (2d Repl. Vol. 6), and does not use language from that statute. He asserts that under Rule of Criminal Procedure 5(d) an indictment must allege "essential facts constituting the offense" and the offense of "accessory" has not been charged.

*State v. Nance,* 77 N.M. 39, 419 P.2d 242 (1966), cert. denied, 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967) holds that § 40A–1–14, supra, does not require a person to be charged as an accessory and that an accessory may be charged and convicted as a principal. Rule of Criminal Procedure 5(d) does not change the procedure authorized by § 40A–1–14, supra, as that statute

was interpreted in *State v. Nance, supra.* "The offense", as used in Rule of Criminal Procedure 5(d), means the principal offense. Compare *State v. Nance, supra.* Thus, defendant was not required to be charged as an accessory. The language of the indictment informed defendant of the essential facts of the charge of armed robbery; defendant does not claim that he was misled by the wording of the indictment. *State v. Nance, supra.*

### B. Duplicity

■ Defendant asserts the indictment charges him with robbery by the language "did commit a theft . . . by use or threatened use of force or violence". He contends the indictment also charges accessory to armed robbery by the language "defendant was working in concert with and as an accomplice of . . . Deuchars who was armed with a deadly weapon". He claims this amounts to a duplicitous charge. *State v. Gurule,* 90 N.M. 87, 559 P.2d 1214 (Ct.App.1977).

The indictment is not duplicitous because two distinct and separate offenses have not been joined. The heading of the indictment, when read with the body of the indictment, shows only one offense was charged—robbery while armed with a deadly weapon.

Assuming the indictment should be read, as defendant contends, to charge both robbery and armed robbery, it still is not duplicitous. Section 40A–16–2, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1975) reads:

> "Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence.
>
> "Whoever commits robbery is guilty of a third degree felony.
>
> "Whoever commits robbery while armed with a deadly weapon is, for the first offense, guilty of a second degree felony and, for second and subsequent offenses, is guilty of a first degree felony."

This statutory language shows that armed robbery is not a distinct offense from robbery; the offense is robbery whether or not armed, and whether or not one is an accessory. "Armed robbery" is a way to commit "robbery" and, if done in that way, the penalty is greater but the basic offense remains robbery. One robbery of money from a bank on a specified date is charged. The indictment also charges use of a firearm; this specifies the means by which the offense was committed. Assuming, but not deciding, that both robbery and armed robbery are charged, there is no duplicity because all that is charged is that the one robbery was committed in two ways—robbery without specification of the means and robbery by firearm. That is not duplicity. *State v. Ochoa,* 41 N.M. 589, 72 P.2d 609 (1937). Rather, it is alternative pleading. *State v. Gurule, supra.*

### *Enhancement of Sentence*

■ Deuchars used the firearm. Defendant moved to strike that part of the indictment which referred to firearm enhancement on the basis that he was not the one who used the firearm. Defendant relies on language in *State v. Barreras,* 88 N.M. 52, 536 P.2d 1108 (Ct.App.1975) and U.J.I.Crim. 50.13 referring to use of a firearm by the defendant. Neither the decision nor the instruction aids defendant; both are concerned with the situation where the defendant was the user of the firearm.

Section 40A–29–3.1, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1975) is worded in terms of a finding of fact "that a firearm was used in the commission" of the crime. The statutory wording does not limit the enhanced sentence to situations where the defendant was the user of the firearm. Thus, the statute does not negate an enhanced sentence for an accessory when a firearm was used by the principal.

The distinction between accessory and principal has been abolished. Section 40A–1–14, *supra; State v. Nance, supra.* The accessory is subject to the same punishment as the principal. See *State v. Wilson,* 39 N.M. 284, 46 P.2d 57 (1935) where a firearm was used. Defendant, as an accessory to

the armed robbery, was subject to the same punishment as Deuchars would have been and the firearm enhancement would have been applicable to Deuchars.

The trial court did not err in refusing to strike references to firearm enhancement in the indictment and did not err in enhancing defendant's sentence in accordance with § 40A–29–3.1, supra.

*Instructions*

(a) Trial court instruction No. 2 instructed on accessory to armed robbery by combining U.J.I.Crim. 16.11—on armed robbery, with the language from § 40A–1–14, supra—on accessory. As a part of the duplicity argument discussed in the first issue, defendant complained that this instruction was erroneous. We disagree. The instruction, which is not set out because U.J.I. Crim. 28.30 is now applicable, fairly and accurately stated the applicable law. *State v. Hamilton,* 89 N.M. 746, 557 P.2d 1095 (1976).

■ (b) Defendant complains of the refusal of his requested instruction No. 7. This requested instruction dealt with defendant as an accomplice. This topic was adequately covered by instruction No. 2 given by the court. It was therefore not error to refuse this request. *State v. Beal,* 86 N.M. 335, 524 P.2d 198 (Ct.App.1974).

■ (c) There is some confusion as two refused instructions argued in connection with the duplicity issue. The requested instructions appearing on the pages cited by defendant deal with defendant's statement and opinion evidence and are not pertinent to the duplicity issue. The refusal of these two requested instructions is not listed as an issue in the docketing statement. See *State v. Vogenthaler,* supra. The brief identifies the refused instructions as dealing with armed robbery and robbery. These refused instructions are listed in the docketing statement as appellate issues; accordingly, we assume these are the refused instructions intended to be argued by defendant. It was not error to refuse the requested instruction on armed robbery be-

cause the trial court adequately instructed on that topic by its instruction No. 2. *State v. Beal,* supra. It was not error to refuse the requested instruction on robbery because the evidence did not support instructions on lesser included offenses. The evidence is undisputed that a firearm was used in the robbery. *State v. Jimenez,* 89 N.M. 652, 556 P.2d 60 (Ct.App.1976).

■ (d) Requested instruction No. 10 dealt with defendant's inability to form an intent because of mental disease or disorder. There was evidence that defendant was "manipulated" by Deuchars and that defendant was a "reluctant follower" of Deuchars. This was not evidence raising a factual issue as to mental disease or disorder. *State v. Gutierrez,* 88 N.M. 448, 541 P.2d 628 (Ct.App.1975); see *State v. Hartley,* 90 N.M. 488, 565 P.2d 658 (1977). The requested instruction was properly refused.

■ (e) Requested instruction No. 12 went to a mistake of fact. See U.J.I.Crim. 41.15. There was evidence that defendant went to the bank to keep Deuchars from hurting himself and others. This did not raise an issue as to mistake of fact. "Ignorance or mistake of fact exists when the defendant does not know what the facts actually are or believes them to be other than as they are. When ignorance or mistake of fact negatives the existence of an intent essential to the commission of an offense, the defendant's ignorance or mistake of fact is a defense." 1 Anderson, Wharton's Criminal Law and Procedure (1957) § 157. See *Rabbit Ear Cattle Company v. Frieze,* 80 N.M. 203, 453 P.2d 373 (1969).

There was no mistake as to the facts. Defendant knew that Deuchars was going to rob the bank; defendant knew that his activity in connection with the robbery was wrong. Knowing these facts, defendant went to the bank, not to stop the robbery, but with the purpose of preventing any shooting. Defendant knew the facts; the requested instruction was properly refused.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.