668 P.2d 313 (1983)
100 N.M. 313
STATE of New Mexico, Plaintiff-Appellee,
v.
Jesse Donald BURDEX, Defendant-Appellant.
No. 6057.
Court of Appeals of New Mexico.
July 12, 1983.
Certiorari Denied August 18, 1983.
*315 Paul Bardacke, Atty. Gen., Ida M. Lujan, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.
Thomas J. Horne, P.C., Albuquerque, for defendant-appellant.

OPINION
DONNELLY, Judge.
Defendant, together with co-defendants Melvin G. McKinney and Marcus A. Cowan, was charged in a twenty-two count indictment with nine counts of armed robbery, seven counts of false imprisonment and six counts of conspiracy. At trial the court dismissed Counts III, X and XI of the indictment and defendant was convicted of the remaining nineteen counts. In addition, the jury returned special verdicts finding that defendant committed six counts of robbery with a firearm contrary to NMSA 1978, § 31-18-16 (Repl.Pamp. 1981).
We answer five issues summarily and discuss (1) denial of defendant's motion to suppress; and (2) denial of defendant's motion for severance. Other issues listed in the docketing statement and not briefed are deemed abandoned. State v. Gonzales, 96 N.M. 556, 632 P.2d 1194 (Ct.App. 1981).
Following a series of armed robberies of business establishments in Albuquerque, defendant and two accomplices were arrested. The two co-defendants each entered pleas of guilty pursuant to plea and disposition agreements. McKinney testified as a State's witness at trial and implicated defendant in each of the criminal offenses upon which he was subsequently convicted.

Issues Answered Summarily
(A) Defendant asserts that the trial court erred in allowing into evidence testimony and exhibits relating to items not listed in the search warrant issued for his apartment or its accompanying affidavit. Defendant's pretrial motion to suppress a number of bullets seized by police during the search of his residence was denied. The affidavit filed by police in support of the search warrant listed among the items sought a .357 Magnum pistol and a .38 caliber pistol; the affidavit did not list the bullets *316 which were also found in defendant's apartment during the search.
A search warrant allows a good faith search of described premises for described property. State v. James, 91 N.M. 690, 579 P.2d 1257 (Ct.App.), cert. denied, 91 N.M. 751, 580 P.2d 972 (1978). Police officers may search the areas of the described premises where they have a reasonable expectation of finding the described property. Id. An officer who is lawfully in a position to see evidence in plain view may seize evidence even though the item is not listed in the search warrant, if the evidence is discovered inadvertently and the incriminating nature of the evidence is immediately apparent. State v. Luna, 93 N.M. 773, 606 P.2d 183 (1980); State v. Dobbs, 665 P.2d 1151 (Ct.App. 1983); State v. James, supra. Compare State v. Turkal, 93 N.M. 248, 599 P.2d 1045 (1979). Here, there is no claim that the officers who seized the evidence in question were not lawfully on defendant's premises pursuant to the warrant issued.
The testimony at trial was that the bullets seized were .357 and .38 caliber. Absent any contradictory evidence, there was a reasonable inference that when the police first saw the bullets, they had a reasonable suspicion which allowed them to inspect them to determine whether they constituted evidence of a crime. State v. Dobbs, supra. Since the caliber of the bullets was the same as that of the pistols for which police were searching, and were pistol bullets, the trial court did not err in the admission of this evidence. There is nothing in the record to show that the search was excessive in its scope or that the items seized were found outside the area which or the time period when the police were lawfully authorized to search. See State v. Williamson, 78 N.M. 751, 438 P.2d 161 (1968); State v. Paul, 80 N.M. 521, 458 P.2d 596 (Ct.App.), cert. denied, 80 N.M. 746, 461 P.2d 228 (1969), cert. denied, 397 U.S. 1044, 90 S.Ct. 1354, 25 L.Ed.2d 654 (1970).
(B) Defendant claims the trial court erred in denying a mistrial based on the remarks of a witness that the business at which she worked was closed shortly following the commission of a robbery. Mary Fugua was called by the State to testify concerning an armed robbery at Crestview Laboratory. During questioning by the prosecution, she was asked whether she still worked there as an employee. She responded that she did not and that the laboratory had closed down two months after the robbery. The State inquired whether she was aware of why the business had closed; before a response was given, defense counsel objected and the objection was sustained. The court then informed the jury that the reason for the closing was of no materiality and the jury was instructed to disregard any comment as to why the laboratory had closed. Defendant's subsequent motion for a mistrial based on the questions and responses of the witness was denied. Error in the admission of evidence is harmless if the evidence was not such that it could have substantially contributed to the conviction. See State v. Moore, 94 N.M. 503, 612 P.2d 1314 (1980). Under the facts herein, any error was properly remedied by the curative instruction given by the court to the jury. State v. Sena, 99 N.M. 272, 657 P.2d 128 (1983); see also State v. King, 90 N.M. 377, 563 P.2d 1170 (Ct.App. 1977). The issue of whether to grant a mistrial lies within the trial court's sound discretion and its ruling will not be set aside absent a showing of an abuse of discretion. State v. Gilbert, 99 N.M. 316, 657 P.2d 1165 (1982).
(C) The trial court refused to give defendant's requested instruction on the lesser included offense of robbery (as a lesser included offense within the charges of armed robbery). Defendant was convicted of eight counts of armed robbery with a firearm. Although the jury convicted defendant of armed robbery as charged in Count XII, the special verdict returned by the jury found that a firearm was not used in the commission of that offense.
Defendant contends it was error to refuse to give his requested jury instructions as to robbery on the seven other counts of armed robbery for which he was convicted. An accused is entitled to have the jury instructed as to his theory of the case where there *317 is evidence to support the theory. State v. Gonzales, 100 N.M. 734, 663 P.2d 710 (Ct. App. 1983); see generally State v. Venegas, 96 N.M. 61, 628 P.2d 306 (1981). Each of the victims called by the State to testify in connection with the charges of armed robbery, except the victims of the Fina robbery (Count XII), testified they were robbed at gun point. The co-defendant, Melvin McKinney, testified that a gun was used in all of the robberies. Defendant presented no evidence on his own behalf nor did his cross-examination of McKinney create a question of fact as to the use of a firearm during any of the robberies.
To entitle a defendant to an instruction on a lesser included offense, there must be some evidence to support defendant's theory. State v. Gonzales, supra; State v. Roque, 91 N.M. 7, 569 P.2d 417 (Ct.App.), cert. denied, 91 N.M. 4, 569 P.2d 414 (1977). Defendant argues that McKinney testified that he, not defendant, used a gun and that this entitled defendant to the instruction as to robbery without a deadly weapon. Armed robbery is not a distinct offense from robbery; the offense is robbery, whether or not armed and whether or not one is an accessory. State v. Roque, supra. When a defendant is charged with commission of a crime with a firearm, § 31-18-16, supra, the statute does not limit imposition of an enhanced sentence to situations where the defendant, and not a co-defendant, used a firearm. State v. Roque, supra.
Since there was no evidence to support defendant's contention that firearms were not used in the commission of the robberies, his request that the jury be instructed as to the lesser included offenses of robbery (without a deadly weapon) was properly denied. State v. Sweat, 84 N.M. 122, 500 P.2d 207 (Ct.App. 1972).
(D) The trial court denied defendant's motion for directed verdict on each of the charges of armed robbery. Defendant alleges that the evidence was insufficient to connect him with each of the armed robbery counts. He also asserts that he had certain unique physical characteristics (a prominent silver tooth, four missing fingers on his left hand, a "Playboy bunny" tatooed on his neck, and an astrological sign tatooed on his chest) and that none of the victims recalled observing any of these identifying factors. This claim is without merit. In addition to other evidence presented, Melvin McKinney testified that defendant participated in each of the offenses for which he was convicted and that a firearm was used in each crime. On appeal, in reviewing a judgment of conviction, we view all evidence and conflicts therein, together with all reasonable inferences flowing therefrom, in a light most favorable to the verdict. State v. Tovar, 98 N.M. 655, 651 P.2d 1299 (1982).
(E) Based on defendant's convictions of nineteen separate felony counts, including six counts of robbery with a firearm, the trial court sentenced defendant to consecutive terms of imprisonment totalling 87 years and imposed two years parole upon release. On appeal, defendant contends the sentences imposed amount to cruel and unusual punishment and that his sentences, when compared with those received by co-defendants McKinney and Cowan, were grossly disproportionate. Defendant claims that McKinney and Cowan each received sentences totalling thirteen years.
Defendant's constitutional claim of cruel and unusual punishment was not asserted before the trial court below; a non-jurisdictional claim not raised in the lower court is not properly reviewable on appeal. E.g., State v. Hogervorst, 90 N.M. 580, 566 P.2d 828 (Ct.App.), cert. denied, 90 N.M. 636, 567 P.2d 485 (1977); NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.R. 308 (Spec.Supp. 1983). Here, there is no claim of jurisdictional or fundamental error. See State v. Ramirez, 89 N.M. 635, 556 P.2d 43 (Ct.App. 1976). Moreover, the record on appeal does not include copies of the judgment and sentences imposed on McKinney and Cowan. Facts not of record are not reviewable on appeal. State v. Paul, 82 N.M. 619, 485 P.2d 375 (Ct.App.), cert. denied, 82 N.M. 601, 485 P.2d 357 (1971).
Here, nothing indicates that defendant's sentence was statutorily improper; *318 a statutorily lawful sentence does not constitute cruel and unusual punishment. State v. Augustus, 97 N.M. 100, 637 P.2d 50 (Ct.App.), cert. denied, 97 N.M. 621, 642 P.2d 607 (1981). A sentence may constitute cruel and unusual punishment if its length is disproportionate to the crime punished. Solem v. Helm, ___ U.S. ___, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); U.S. Const. amend. VIII. Considering the number of charges upon which defendant was convicted; his sentences cannot be said to be disproportionate. Cf. State v. Garcia, 99 N.M. 466, 659 P.2d 918 (1983). Length of sentence is purely a matter of legislative prerogative, unless the statutory sentence is disproportionate to the criminal offense involved. State v. Garcia, 100 N.M. 120, 666 P.2d 1267 Ct.App. No. 5890 (1983); see also State v. Archibeque, 95 N.M. 411, 622 P.2d 1031 (1981); State v. Baros, 78 N.M. 623, 435 P.2d 1005 (1968). Absent a showing that defendant received sentences too severe in view of the crimes for which he was convicted, defendant's claim must fail. The trial court did not err in imposing the sentences.

(1) Motion to Suppress

Prior to trial, defendant filed a motion to suppress physical evidence obtained as a result of an alleged unlawful search of his apartment. At the motion hearing, defendant asserted that although his residence was searched pursuant to a search warrant on July 6, 1982, the search actually occurred in part on the previous day. Defendant contends that on July 5, 1982, a day prior to obtaining a search warrant, police unlawfully entered his home without proper authorization or consent.
Pamela Burdex, defendant's wife, testified that she was sitting outside of the residence where she and defendant lived when the police arrived and requested that she open the security gate to the apartment complex. After opening the security gate, the police then asked for her consent to search her apartment; defendant's wife refused. She testified that the police then informed her that she should change clothes because she would not be permitted to return to the apartment that night and that an officer followed her into her apartment and waited until after she had changed clothes. Mrs. Burdex was then instructed to leave the premises and was not allowed back into the apartment until after the premises were searched pursuant to a search warrant the next day.
Defendant argues that the procedures employed by the police upon their initial arrival at defendant's residence constituted conduct violative of state and federal constitutional provisions against unlawful searches and seizures and NMSA 1978, Crim.P.R. 17 (Repl.Pamp. 1980), thereby rendering any evidence subsequently obtained subject to suppression.
When police enter a defendant's apartment without lawful consent or prior to obtaining a search warrant, and thereby obtain evidence, the State has the burden of showing by a preponderance of the evidence that a valid basis existed to enter the home in the absence of a search warrant. See State v. Gonzales, 97 N.M. 182, 637 P.2d 1237 (Ct.App.), cert. denied, 97 N.M. 242, 638 P.2d 1087 (1981). Absent a search warrant or valid consent to enter, intrusion into a private residence by law officers must be supported by a showing that the entry was justified by exigent circumstances. See State v. Sanchez, 88 N.M. 402, 540 P.2d 1291 (1975); State v. Kaiser, 91 N.M. 611, 577 P.2d 1257 (Ct.App.), cert. denied, 91 N.M. 491, 576 P.2d 297 (1978); see also Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947). Whether exigent circumstances exist is within the fact finding function of the trial court. United States v. Jones, 635 F.2d 1357 (8th Cir.1980); State v. Campbell, 104 Idaho 705, 662 P.2d 1149 (Ct. App. 1983). Unless entry by police into a residence is lawful, all observations made or things seized by officers during such entry may be excluded. Chapman v. United States, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961); Johnson v. United States, supra.
*319 Here, the issue as to the lawfulness of the entry by police into defendant's residence prior to obtaining a search warrant does not affect defendant's attempt to compel suppression of the evidence obtained at his apartment. The record is devoid of any showing that the police conducted a search of the premises before July 6, 1982, or that the search warrant was predicated upon observations during such entry. The constitutional search warrant requirement is violated only if there is an unlawful search. See N.M. Const. art. II, sec. 10; U.S. Const., Amend. IV; Crim.P.R. 17, supra. Here there was no evidence of a search prior to obtaining the warrant.

(2) Denial of Severance

Prior to trial, defendant filed a motion to sever the counts against him on the basis that he might desire to testify as to some counts but not others, that he would be prejudiced by evidence introduced by the State applicable to certain counts and not others, and that a combined trial would result in improper admissibility of evidence of other crimes, contrary to NMSA 1978, Evid.R. 404(b). Defendant's motion was denied by the trial court. Defendant argues that denial of the motion amounted to an abuse of discretion, in view of the sheer number of counts for which he was tried and the statutory policy limiting the admission of other crimes or wrongs as evidence in a criminal prosecution.
The issue as to whether severance of various counts should be granted is a matter entrusted to the sound discretion of the trial judge. State v. Segotta, 100 N.M. 18, 665 P.2d 280 (Ct.App. 1983). NMSA 1978, Crim.P.R. 34 (Repl.Pamp. 1980) provides that "[i]f it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in any complaint, indictment or information, or by joinder for trial, the court may order separate trials of offenses, grant a severance of defendants, or provide whatever other relief justice requires." Defendant was also charged with five counts of conspiracy. NMSA 1978, Crim.P.R. 11 (Repl.Pamp. 1980) requires joinder of defendants when they are charged with participation in common conspiracies.
The trial court's denial of the motion to sever was not error. The charges contained in the indictment grew out of an alleged crime spree by defendant and his co-defendants consisting of seven robberies of gas stations and a commercial laboratory in Albuquerque over a four-week period. The victims of the robberies testified as to certain similarities in the modus operandi and patterns of the crimes. In each robbery, witnesses testified that the hold-ups were committed by two black men. In each robbery, witnesses testified that a gun was used, and in most of the robberies the victims were forced at gunpoint into a back room and ordered to lie down on the floor. The testimony of witnesses also indicated that in each case the perpetrators wore hairnets, plastic caps or other coverings over their hair and, at times, over their faces. In several of the robberies, witnesses also recalled seeing a blue Cadillac. McKinney, a co-defendant, testified that he and defendant had planned and executed all of the armed robberies. McKinney's testimony was corroborative of the testimony of the victims, eye-witnesses and physical evidence concerning the crimes charged.
It is no abuse of discretion to deny a motion to sever multiple counts because a defendant wishes to testify as to one charge but not another, State v. Blakley, 90 N.M. 744, 568 P.2d 270 (Ct.App. 1977), or when he contends that a single trial is violative of the "other crimes" test set out in NMSA 1978, Evid.R. 404(b), if substantial evidence supports each conviction, the evidence is relevant to each of the charges being tried, and the jury evaluates the evidence in terms of each count. State v. Schifani, 92 N.M. 127, 584 P.2d 174 (Ct. App.), cert. denied, 92 N.M. 180, 585 P.2d 324 (1978). A claim that a criminal prosecution involves too many counts to try at one time is insufficient in and of itself to establish prejudice to defendant. State v. Montano, 93 N.M. 436, 601 P.2d 69 (Ct. App.), cert. denied, 93 N.M. 683, 604 P.2d 821 (1979) (involving a 65 count indictment); *320 State v. McGill, 89 N.M. 631, 556 P.2d 39 (Ct.App. 1976) (6 counts of armed robbery); see State v. Snedeker, 99 N.M. 613, 657 P.2d 613 (1982) (23 count indictment). A claim of prejudice not supported by the record or the evidence is insufficient. State v. McGill, supra.
A motion for severance, like its counterpart motion for consolidation, necessitates a review of the evidence to determine whether the charges logically arise from the same episode or acts of a similar nature. NMSA 1978, Crim.P.R. 10 (Repl. Pamp. 1980) authorizes two or more offenses to be joined in one complaint, indictment or information if the offenses "(1) are of the same or similar character, even if not part of a single scheme or plan; or (2) are based on the same conduct or on a series of acts either connected together or constituting parts of a single scheme or plan." The strength or quality of the evidence is another factor. State v. Montano, supra.
Here the facts and issues suggested the commission of offenses of similar character and perpetration. In the absence of demonstrable prejudice, denial of severance was not error. State v. Johnston, 98 N.M. 92, 645 P.2d 448 (Ct.App.), cert. denied, 98 N.M. 336, 648 P.2d 794 (1982); State v. Clark, 83 N.M. 484, 493 P.2d 969 (Ct.App.), cert. denied, 83 N.M. 473, 493 P.2d 958 (1972). The charges herein were properly joined.
Defendant's convictions and sentences are affirmed.
IT IS SO ORDERED.
LOPEZ and NEAL, JJ., concur.