65 F.3d 178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Shelvin L. HOLMAN, Petitioner-Appellant,
v.
Attorney General of the State of New Mexico, Robert J.
TANSY, Respondents-Appellees.
 No. 94-2193.
 United States Court of Appeals, Tenth Circuit.
 Aug. 21, 1995.
 
 1
 Before MOORE, SETH, and EBEL, C.J.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Shelvin L. Holman appeals from the district court's order adopting the magistrate judge's recommendation to deny his petition for a writ of habeas corpus in which he challenges his convictions for kidnapping and criminal sexual penetration. The convictions were based on two incidents, each involving a different teenaged girl. Following a jury trial, petitioner was convicted of all charges. The convictions were affirmed on direct appeal. Petitioner asserts that the state trial court's denial of his request for a separate trial on the charges pertaining to each victim denied him his due process right to a fair trial.
 
 
 4
 The parties are familiar with the underlying facts which are undisputed. We recognize that the stenographic notes of petitioner's criminal trial were not retained, in accordance with the New Mexico Supreme Court's retention schedule.
 
 
 5
 The question presented is not whether the state trial court abused its discretion by denying severance of the charges, see State v. Burdex, 668 P.2d 313, 319 (N.M.Ct.App.) (severance of counts entrusted to trial judge's discretion), cert. denied, 668 P.2d 308 (N.M.1983), but whether petitioner was denied his due process right to a fair trial. "[O]ur responsibility is to ensure that [petitioner] was afforded the protections of due process, not to exercise supervisory powers over the New Mexico state courts." Nichols v. Sullivan, 867 F.2d 1250, 1253 (10th Cir.), cert. denied, 490 U.S. 1112 (1989). To be eligible for federal habeas relief, petitioner must prove the state trial court's evidentiary ruling " 'render[ed] the trial so fundamentally unfair as to constitute a denial of federal constitutional rights.' " Hopkinson v. Shillinger, 866 F.2d 1185, 1197 (10th Cir.1989)(quoting Brinlee v. Crisp, 608 F.2d 839, 850 (10th Cir.1979), cert. denied, 444 U.S. 1047 (1980)). Accordingly, a state court's decision to admit evidence of other crimes, wrongs, or acts will not be disturbed unless the probative value of that evidence is outweighed by its prejudicial effect resulting in a denial of due process. Id.
 
 
 6
 Petitioner claims that Ms. Donovan, one of the two victims, presented convincing testimony that petitioner forced her to engage in sexual contact, while the testimony and demeanor of Ms. Bettes, the other victim, indicated she had consented to sexual contact with petitioner. Petitioner contends that Ms. Donovan's testimony unfairly influenced the jury to believe that Ms. Bettes also was forced to engage in sex with petitioner. He maintains that the evidence presented by Ms. Donovan was not relevant to the charges involving Ms. Bettes, and vice versa.
 
 
 7
 Habeas relief will not be granted even though the relevance of challenged evidence is doubtful, id. at 1199, or where the prejudice from irrelevant evidence is insignificant compared with the properly admitted evidence of guilt, id. at 1198. Here, the evidence of each crime was distinct from the other, making it unlikely that the jury confused the two crimes or that the evidence of one crime unduly influenced the verdict on the other. See Closs v. Leapley, 18 F.3d 574, 578 (8th Cir.1994). Moreover, on habeas review, we must accept the jury's determinations of witness credibility so long as they are reasonable. Romero v. Tansy, 46 F.3d 1024, 1032 (10th Cir.), cert. denied, 115 S.Ct. 2591 (1995). Based on our review of the briefs and the other materials submitted, we conclude the joinder of all charges in a single trial did not render petitioner's trial fundamentally unfair resulting in a denial of due process.
 
 
 8
 Petitioner's request for a certificate of probable cause is granted.
 
 
 9
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470