This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                      **No. 28,091**

**ARNOLDO REYNA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Don Maddox, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Adrianne R. Turner, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

Defendant Arnoldo Reyna appeals his convictions on three counts of trafficking a controlled substance and three counts of conspiracy to commit trafficking a controlled substance. He was sentenced to nine years on each trafficking conviction to run consecutively and three years on each conspiracy conviction to run concurrently for a total term of twenty-seven years of imprisonment. Defendant raises eight issues on appeal: (1) insufficient evidence of conspiracy, (2) a confusing and misleading jury instruction, (3) cruel and unusual punishment, (4) prosecutorial misconduct, (5) erroneous denial of a motion for continuance, (6) ineffective assistance of counsel, (7) error in allowing certain cross-examination, and (8) cumulative error. We affirm.

**Sufficiency of Evidence of Conspiracy**

The State was required to prove that Defendant and another person by words or acts agreed together to commit trafficking a controlled substance and that both intended to commit the offense. Defendant contends that Officer Garcia's testimony was insufficient to establish conspiracy because there was insufficient evidence that anyone other than Defendant was involved in trafficking. We review a challenge to the sufficiency of the evidence under a substantial evidence standard of review, and we determine whether any rational jury could have found each element of the crime to be established beyond a reasonable doubt. *State v. Garcia*, 114 N.M. 269, 273-74,

2

837 P.2d 862, 866-67 (1992).  We review the evidence in a light most favorable to the verdict.  *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988).

A confidential informant introduced Officer Garcia, who was working undercover, to Defendant whom the informant knew would sell narcotics.  Officer Garcia and Defendant met at Defendant's residence, and the officer told Defendant that he was looking to purchase cocaine.  Defendant said he had to make a telephone call, and he made the call in Officer Garcia's presence and thus the officer was able to hear Defendant's side of the conversation.  Defendant told Officer Garcia that he got the cocaine but that the officer would have to drive to another location.  They drove together to another residence on Sayers Street.  Defendant entered the residence while Officer Garcia remained in the car and then Defendant returned to the car and asked the officer for money.  Officer Garcia gave Defendant $200, and Defendant told him to drive back to Defendant's residence because Defendant and his friend had to go elsewhere to get the cocaine.  Defendant left with a man named Hector, and about forty minutes later, Defendant returned with Hector.  Defendant got out of the vehicle and handed Officer Garcia a baggie containing a white powdery substance that later tested to be cocaine.

On two other occasions, Defendant and Officer Garcia agreed to purchase cocaine.  The first of these transactions was similar to the first purchase; Defendant

3

went into a residence on Ralph Court with the officer's money, while the officer waited in his car. Defendant came out with a white powdery substance for Officer Garcia that later tested to be cocaine. The second transaction was also similar, in that Officer Garcia waited in his car while Defendant contacted several people outside of a residence on Lucy Street. When Defendant returned to the car, he told the officer that his source said he had to make a phone call and that someone else would bring the cocaine to them. After about an hour, during which Officer Garcia waited in the vehicle and Defendant stayed outside the residence, another person arrived and drove to the rear of the residence. About ten minutes later, Defendant returned to Officer Garcia's vehicle and handed him a baggie containing a substance that later tested to be cocaine.

We hold that there was sufficient evidence to support each conspiracy conviction. An agreement can "be in the form of a mutually implied understanding and [can] be inferred from circumstantial evidence." *State v. Johnson*, 2004-NMSC-029, ¶ 49, 136 N.M. 348, 98 P.3d 998; *State v. Borja-Guzman*, 1996-NMCA-025, ¶ 28, 121 N.M. 401, 912 P.2d 277. The jury could rationally have found beyond a reasonable doubt that Defendant and his sources worked together, had a common plan, and intended in each of the three transactions to provide cocaine for Officer Garcia.

4

**Jury Instruction**

Defendant argues that the jury instruction given on accessory liability was confusing and misleading because there was no theory that Defendant was an accessory. Defendant failed to preserve this argument, and we review the issue only for fundamental error. *See State v. Sutphin*, 2007-NMSC-045, ¶ 16, 142 N.M. 191, 164 P.3d 72; *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. We see no fundamental error. The jury was instructed that Defendant could be found guilty if he intended to commit the crime, the crime was committed, and he "helped, encouraged[,] or caused the crime to be committed." The jury could have reasonably inferred from the evidence that Defendant intended the crimes to be committed and that he helped, encouraged, and caused their commission. Furthermore, we see nothing to indicate that guilt was so doubtful in this case that it would shock the conscience to allow the conviction to stand or that giving the instruction undermined any judicial integrity. *Sutphin*, 2007-NMSC-045, ¶ 16; *State v. Cunningham*, 2000-NMSC-009, ¶¶ 13, 15, 21, 128 N.M. 711, 998 P.2d 176; *State v. Baca*, 1997-NMSC-045, ¶ 41, 124 N.M. 55, 946 P.2d 1066, *overruled on other grounds by State v. Belanger*, 2009-NMSC-025, 146 N.M. 357, 210 P.3d 783.

**Cruel and Unusual Punishment**

Defendant claims that his twenty-seven year sentence constitutes cruel and unusual punishment. Defendant argues that the State wrongfully manipulated his sentence by having Officer Garcia purchase cocaine from Defendant on three separate occasions instead of arresting him based on the first transaction. Defendant concedes this issue was not preserved in the district court and argues that a fundamental error analysis is required "because it concerns the miscarriage of justice." *See State v. Burdex*, 100 N.M. 197, 201, 668 P.2d 313, 317 (Ct. App. 1983) (determining that a claim of cruel and unusual punishment was not asserted in the district court and was therefore not properly preserved because such a claim is non-jurisdictional); *see also Sutphin*, 2007-NMSC-045, ¶ 16 (relating to fundamental error).

We see no basis on which to determine that the State engaged in sentence manipulation. *See State v. Rael*, 1999-NMCA-068, ¶¶ 22-25, 127 N.M. 347, 981 P.2d 280 (holding that convictions on five separate trafficking charges did not constitute sentence manipulation where the police are engaged in legitimate investigation of criminal activity; and indicating that "[l]aw enforcement officials are entitled to buttress their cases with additional evidence, and the courts will not usurp the prosecutor's role in deciding when a particular case is strong enough to seek an indictment" (internal quotation marks and citation omitted)). Officer Garcia had

legitimate investigative reason to continue his dealings with Defendant to learn the extent of his drug enterprise, including how much he would sell and who his sources were.

Furthermore, the sentences were within the parameters of the sentencing statute. *See* NMSA 1978, § 31-18-15(A)(4), (7) (2005) (amended 2007) (currently Section 31-18-15(A)(6), (9)); *State v. Trujillo*, 2002-NMSC-005, ¶ 66, 131 N.M. 709, 42 P.3d 814 ("It is rare that a term of incarceration, which has been authorized by the Legislature, will be found to be excessively long or inherently cruel." (internal quotation marks and citation omitted)). Defendant bases his disproportionality argument on sentencing manipulation. We have rejected Defendant's sentencing manipulation argument. As well, Defendant has not recited any authority that sentencing manipulation supports a disproportionality theory. Further, we cannot say, as Defendant contends, that the sentence was so grossly disproportionate to the gravity of the crimes Defendant committed as to constitute cruel and/or unusual punishment. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 22, 121 N.M. 562, 915 P.2d 318 (stating the test for cruel and unusual punishment to be "[w]hether in view of contemporary standards of elemental decency, the punishment is of such disproportionate character to the offense as to shock the general conscience and violate principles of fundamental fairness" (internal quotation marks and citation

7

omitted)); *Burdex*, 100 N.M. at 202, 668 P.2d at 318 (stating that "[a] sentence may constitute cruel and unusual punishment if its length is disproportionate to the crime punished" and that "[a]bsent a showing that defendant received sentences too severe . . . [for] the crimes . . ., defendant's claim must fail").

**Prosecutorial Misconduct/Fair Trial**

Defendant asserts that comments and cross-examination were inappropriate and prejudical and constituted fundamental error. During opening statement, the prosecutor stated that the case was about cleaning up the community so that they would not have to live in fear. We review for fundamental error, and we see no basis on which to hold that there was any miscarriage of justice, that the question of guilt was so doubtful that it would shock the conscience to permit Defendant's convictions to stand, or that substantial justice has not been done. *See Sutphin*, 2007-NMSC-045, ¶ 16 (reciting fundamental error standard). We presume that the jury followed the instructions of the district court and not statements of counsel. *See Benally*, 2001-NMSC-033, ¶ 21. We hold that the prosecutor's comment, although not proper in our view, could not have had such a persuasive or prejudicial effect on the jury as to deny Defendant a fair trial.

During cross-examination, the prosecutor wrongfully asked Defendant whether Officer Garcia was "incorrect" when he testified that Defendant sold him cocaine.

The fundamental error standards of miscarriage of justice, doubtful guilt, or lack of substantial justice have not been met. *See Sutphin*, 2007-NMSC-045, ¶ 16. Defendant's direct examination was an attempt to persuade the jury that Officer Garcia's version of the events was erroneous and not what occurred. For the prosecutor to ask Defendant to comment on the officer's testimony, while improper, we are not persuaded that this question to Defendant had a prejudicial effect on the jury such that Defendant did not receive a fair trial.

**Denial of Motion for Continuance**

Defendant sought a continuance shortly before trial claiming that his counsel did not have sufficient opportunity to obtain witnesses because of counsel's heavy caseload and because counsel's office was short two attorneys. The court denied the request, and we review this claimed error for abuse of discretion. *State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20. Defendant must show not only an abuse of discretion, but also that the abuse prejudiced him. *See State v. Nieto*, 78 N.M. 155, 157, 429 P.2d 353, 355 (1967).

Defendant wanted time to obtain testimony from the confidential informant as it related to an entrapment defense. Defendant also wanted time to locate another witness, who lived out of state, to corroborate Defendant's testimony and to discredit other witnesses' testimony. However, Defendant knew about these witnesses for a

considerable period of time and that as of a pretrial conference, about five weeks before trial, the parties stated they were ready for trial. Defendant waited until less than two weeks before trial before filing an addendum to his witness list even though the trial setting was made over four months earlier. Considering those circumstances, plus the delay and inconvenience attendant to Defendant's attempts to obtain witnesses, the informant's apparent availability, and the other witness's apparent non-involvement in the transactions, we are unable to hold that the court's denial of the request for continuance was untenable or not justified by reason.

**Assistance of Counsel**

Defendant raises several concerns about the assistance of his counsel based on failures to object and preserve issues, to call witnesses, and to move to try the three trafficking counts separately. Defendant has a substantial hurdle on appeal to show ineffective assistance of counsel. *See State v. Reyes*, 2002-NMSC-024, ¶¶ 46, 48, 132 N.M. 576, 52 P.3d 948. We see no basis on which to determine that Defendant has presented a prima facie case for ineffective assistance of counsel. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. The failures to object were too minor in concern to conclude prejudice sufficient to constitute ineffective assistance. Defendant does not present a compelling basis on which to argue that counsel failed to locate any particular witness or to show that any witness who failed to appear was

in any way critical on any particular issue. The prosecution was required under Rule 5-203(A) NMRA to join the trafficking charges. Nothing in the record indicates that Defendant's counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *State v. Talley*, 103 N.M. 33, 36, 702 P.2d 353, 356 (Ct. App. 1985) (internal quotation marks and citation omitted). Defendant's assertions of prejudice do not constitute a showing of prejudice. *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10 ("An assertion of prejudice is not a showing of prejudice."). We will not second-guess counsel's trial strategies or tactics. *State v. Gonzales*, 2007-NMSC-059, ¶ 14, 143 N.M. 25, 172 P.3d 162.

**Cross-Examination on Prior Felony**

We review a claimed error in the admission of evidence for abuse of discretion. *State v. Mora*, 1997-NMSC-060, ¶ 57, 124 N.M. 346, 950 P.2d 789. Under *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), Defendant claims error in allowing the admission into evidence of a prior felony conviction for impeachment purposes. Defendant testified at trial, he acknowledged that he had been convicted of burglary, and his prior conviction was properly admitted to challenge his credibility. *See* Rule 11-609(A)(1) NMRA. We see no abuse of discretion or error.

11

**Cumulative Error**

Defendant contends that cumulative error denied him a fair trial. Defendant has not demonstrated any significant error. *See State v. Nieto*, 2000-NMSC-031, ¶ 31, 129 N.M. 688, 12 P.3d 442 ("Since we have found no error . . ., we find no merit to the cumulative error claim."). Defendant has not shown an accumulation of even harmless error to require a new trial, and any cumulative effect of any errors was slight at most. *See State v. Woodward*, 121 N.M. 1, 12, 908 P.2d 231, 242 (1995). The record shows that he received a fair trial.

**CONCLUSION**

We affirm Defendant's convictions.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**
**WE CONCUR:**


_____
**ROBERT E. ROBLES, Judge**


_____
**TIMOTHY L. GARCIA, Judge**