This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. 33,815

**FRANCISCO MUNOZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}    Defendant Francisco Munoz appeals from the judgment and sentence convicting him of two counts of kidnapping (second degree). [RP144]  Defendant raises one issue on appeal, contending that his sentence, which he acknowledges is the maximum allowed by law [DS 2 (¶ 6)], constitutes cruel and unusual punishment given the mitigating circumstances he presented at sentencing.  [DS 1-2 (¶¶ 3-7)]

{2}    The calendar notice proposed summary dismissal. [CN 1] Defendant has filed a memorandum in opposition and a motion to amend the docketing statement that we have duly considered.  [MIO]  We deny the motion to amend as not viable for the reasons discussed in this Opinion.   Finding the memorandum in opposition unpersuasive, we dismiss the appeal.

**DISCUSSION**

**Original Issue on Appeal**

{3}    In his memorandum in opposition, Defendant continues to argue that this Court has jurisdiction over the cruel and unusual punishment issue on appeal and that it should be decided on the merits.  [MIO 4]  Defendant recognizes that *State v. Chavarria* supports this Court's reasoning in the calendar notice, but argues that waiver of appeal in the plea agreement does not divest this Court of subject matter jurisdiction, relying on *State v. Rudy B.*, 2010-NMSC-045, ¶ 13, 149 N.M. 22, 243 P.3d 726.  [MIO 4-5]  Defendant also argues this Court's reliance on *Chavarria*

2

"conflates waiver and jurisdiction concepts" [MIO 6] and suggests that this analysis has no place and "constitutes a remnant of an abandoned doctrine" where fundamental error has occurred. [Id.] Defendant insists that, in any case, he did not waive appeal of an unconstitutional sentence and that his sentence constitutes cruel and unusual punishment given his role in the underlying crimes, assistance to the police, and young age. [MIO 7-8] We are not persuaded.

{4} Contrary to Defendant's assertions in the memorandum in opposition, in the calendar notice, this Court exercised its jurisdiction in order to determine that Defendant did not preserve at sentencing nor reserve in the plea agreement his cruel and unusual punishment issue on appeal. This Court also considered Defendant's claim that, despite lack of preservation and reservation, fundamental error occurred in sentencing Defendant without mitigation. Because Defendant was sentenced to the maximum sentence allowed under the law and in accordance with the plea agreement, we concluded, however, that no fundamental error had occurred. We also pointed out that when a sentence is authorized by statute and complies with the plea agreement, applicable law does not require the sentencing court to mitigate the sentence. Finally, we noted that Defendant did not move to set aside the plea agreement nor has he availed himself of his post-conviction remedies. Under the circumstances, we reject

3

Defendant's request in his memorandum in opposition that we distinguish or overrule *Chavarria*.

**{5}** Thus, as we discussed in the calendar notice, Defendant pled guilty to two counts of second degree kidnapping. [RP 123] The memorandum confirms that Defendant did not raise his cruel and unusual claim below. [MIO 5] Moreover, Defendant did not reserve any issues for appeal in the plea agreement. [RP 123, 124 (¶ 5)] Further, Defendant does not challenge the validity of the guilty plea, and he acknowledges that his sentence is the maximum allowed by statute. [DS 2 (¶ 6)] *See, e.g.*, *State v. Gardner*, 2003-NMCA-107, ¶ 42, 134 N.M. 294, 76 P.3d 47 ("Regardless of what mitigating evidence [the d]efendant presented, the statutory scheme does not require the trial court to depart from the basic sentence."); *see also State v. Vasquez*, 2010-NMCA-041, ¶ 41, 148 N.M. 202, 232 P.3d 438 (stating that "there is no abuse of discretion if the sentence imposed is authorized by law").

**{6}** In *State v. Chavarria*, our Supreme Court noted that "a sentence authorized by statute, but claimed to be cruel and unusual punishment under the state and federal constitutions, does not implicate the jurisdiction of the sentencing court and, therefore, may not be raised for the first time on appeal." 2009-NMSC-020, ¶ 14; *see also State v. Burdex*, 1983-NMCA-087, ¶ 14, 100 N.M. 197, 668 P.2d 313 (holding that a cruel and unusual punishment claim is not jurisdictional and, therefore, may not be raised

4

for the first time on appeal). As in *Chavarria*, in this case, because Defendant's sentence "was authorized by statute, [his] cruel and unusual punishment claim may not be raised for the first time on appeal." 2009-NMSC-020, ¶ 14.

**{7}** Moreover, Defendant's cruel and unusual claim does not constitute fundamental error on direct appeal. As in *Chavarria*, because Defendant did not reserve any issues for appeal in the plea agreement, and he does not challenge the validity of his guilty plea, we conclude that Defendant waived his right to challenge the constitutionality of his sentence on appeal. *See* 2009-NMSC-020, ¶ 16. As recognized in *Chavarria*, there is no fundamental error necessitating reversal of Defendant's conviction and sentence, and therefore, we do not reach the merits of Defendant's cruel and unusual punishment claim. *See id.*

**{8}** In *Chavarria*, we noted that "a defendant can enter a conditional plea of guilty and reserve the right to challenge the constitutionality of his sentence on appeal." *Id.* ¶ 17 (citing Rule 5-304(A)(2) NMRA). Moreover, a defendant has post-judgment remedies if he considers the sentence to be illegal, or in excess of the maximum allowed by law, or if it was imposed "in violation of the constitution of the United States, or of the constitution or laws of New Mexico." *Chavarria*, 2009-NMSC-020, ¶ 17 (citing Rule 5-801 NMRA, Rule 5-802(A) NMRA, and NMSA 1978, § 31-11-6 (1966)). As in *Chavarria*, in this case, however, Defendant "did not pursue any of

5

these alternative avenues of relief." *Id.* Therefore, we hold that Defendant "waived his right to challenge the constitutionality of his sentence on appeal." *Id.* ¶ 18.

**Motion to Amend**

{9}     Defendant moves to amend his docketing statement [MIO 2] to add the following issue: Defendant contends that the sentencing court's determination that second degree kidnapping charges were serious violent felonies under the Earned Meritorious Deductions Act (EMDA) was not based on legally sufficient findings of fact, and this Court should remand for resentencing. [MIO 8] We deny Defendant's motion because the issue is not viable. *See State v. Moore*, 1989-NMCA-073, ¶ 45, 109 N.M. 119, 782 P.2d 91 (stating that "we should deny motions to amend that raise issues that are not viable and we should grant motions to amend that raise issues of demonstrated fundamental or jurisdictional error"), *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{10}     Defendant's plea agreement does not waive an appeal on the grounds that the district court was without authority to impose an illegal sentence. *See State v. Tafoya*, 2010-NMSC-019, ¶ 7, 148 N.M. 391, 237 P.3d 693. NMSA 1978, Section 33-2-34(L)(4)(a)-(n) (2006) enumerates specific "serious violent offenses," and Section 33-2-34(L)(4)(o) enumerates further offenses that may be considered serious violent

6

offenses "when the nature of the offense and the resulting harm are such that the court judges the crime to be a serious violent offense for the purpose of this section[,]" including "second degree kidnapping, as provided in [NMSA 1978,] Section 30-4-1 [(2003).]" *See Tafoya*, 2010-NMSC-019, ¶ 12.

{11} In this case, the record proper indicates that the district court properly considered the two kidnapping convictions to be serious violent offenses for purposes of Section 33-2-34. As discussed in this Opinion, Defendant pled guilty to two counts of second degree kidnapping. [RP 123] The two kidnapping counts were joined and tried with the two counts of murder of the same victims because the two offenses occurred from the same incident and the same conduct or series of acts that were connected or constituted parts of a single scheme or plan. [RP 105, 107] *See* Ct. App. No. 33,817. Defendant agreed in the plea agreement relating to the kidnappings that "there exists a basis in fact for believing . . . [D]efendant is guilty of the offenses charged [which are two counts of kidnapping and two counts of murder of the two victims]." [RP 127 (¶ 5)] The judgment and sentence provides that the sentence is fifteen years for each count of second degree kidnapping, and the district court determined each of the crimes to be a "Serious Violent Offen[s]e; Justification: [Section] 33-2-34, NMSA 1978[.]" [RP 144] The State filed its sentencing memorandum prior to the sentencing hearing and recommended that the district court

determine the two kidnapping counts were serious violent offenses pursuant to Section 33-2-34. [RP 137-41] Under the circumstances, therefore, we are not persuaded the district court entered an illegal sentence by failing to consider the factual basis or failing to adequately justify providing that the two kidnappings that led to the two murders were serious violent offenses under Section 33-2-34(L)(4)(o)(7).

{12}     Accordingly, we deny Defendant's motion to amend.

**CONCLUSION**

{13}     We dismiss Defendant's appeal.

{14}     **IT IS SO ORDERED.**


_____
                                        **JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**


_____
**CYNTHIA A. FRY, Judge**