628 P.2d 306

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Velma VENEGAS, Defendant-Appellant.**

**No. 12890.**

Supreme Court of New Mexico.

May 5, 1981.

Martha A. Daly, Appellate Defender, Michael Dickman, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., John G. McKenzie, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

RIORDAN, Justice.

On rehearing we withdraw our earlier opinion and substitute the following opinion.

Defendant-appellant appeals her convictions for murder, armed robbery and larceny over $2,500 arising out of the same incident, for which she was sentenced to life imprisonment. We affirm.

Defendant asserts error: (1) by the trial court's refusal of her tendered jury instruction, N.M.U.J.I. Crim. 41.15, N.M.S.A. 1978 on mistake of fact; and (2) in allowing the prosecutor's erroneous assertion that defendant had changed her testimony to remain uncorrected.

Defendant went to the car lot of Voight Auto Sales in Carlsbad with Henry Martinez who was her paramour and the father of her child. The defendant was nineteen years old and had lived with Martinez for three years.

On the date of the incidents for which she was convicted, defendant and Martinez went to the car lot to see Lillard (Bill) Johnson, the deceased. On arrival, Martinez went inside the office and told defendant to wait outside. Shortly after Martinez entered the office, defendant heard a gunshot. She hurried inside and saw the deceased pointing a shotgun at Martinez whose hand had been shot. Defendant testified that Martinez shouted that Johnson was going to kill him. Defendant grabbed a coke bottle and began striking Johnson with it. The evidence indicates that defendant hit Johnson several times on the back and the side of the head with the coke bottle. Defendant then removed a .22 pistol from her purse and gave it to Martinez. She heard some shots but did not see Martinez shoot Johnson. Although one bullet was recovered from inside the chest cavity of the deceased, the cause of death was "severe trauma to the head and face producing fractures of the skull and subdural hematoma."

■ The first point the defendant raises in her appeal is that the refusal of an instruction on mistake of fact was error. If, in fact, Venegas entertained an honest belief that the deceased was about to kill or shoot Martinez and acted accordingly, she was mistaken. The only gun then in the hands of the deceased was a single-shot shotgun, which had already been discharged.

■ The only evidence we find to support the defendant's request for a mistake of fact instruction is her alleged mistaken belief that the deceased was about to shoot Martinez when in fact he lacked the ability to do so. The tendered instruction N.M.U.J.I. Crim. 41.15, N.M.S.A. 1978 reads as follows:

Evidence has been presented that the defendant believed that Henry Martinez was in danger of being killed by Lillard Johnson. If the defendant acted under an honest and reasonable belief in the existence of those facts, you must find her not guilty. The burden is on the state to prove beyond a reasonable doubt that the defendant did not act under such belief.

The theory of the defense to the homicide in the case at bar is justifiable homicide or defense of another embraced within N.M. U.J.I Crim. 41.42, N.M.S.A. 1978, which instruction was given. It is essential to that defense for there to be substantial evidence that the defendant's actions were based upon a reasonable belief that such action was necessary to save the life or prevent great bodily harm to another. Such belief may rest upon *apparent* danger and need not be supported by actual danger. Thus, the instruction allows and is consistent with mistaken belief. Since an honest and reasonable mistaken belief fits within the justifiable homicide instruction, the tendered instruction on mistake of fact, N.M.U.J.I. Crim. 41.15, duplicates that which was already within N.M.U.J.I. Crim. 41.42 and which was given.

■ Moreover, adding N.M.U.J.I. Crim. 41.15 could confuse a jury into believing that the elements of apparent danger, resulting in fear, and the test of reasonableness are all unnecessary where the State is unable to prove beyond a reasonable doubt that the defendant did not act under a mistaken belief that the gun was loaded. Admittedly, a defendant in a criminal case is entitled to have the jury instructed upon his theories of the case supported by the evidence. *Poore v. State*, 94 N.M. 172, 608 P.2d 148 (1980); *State v. Gardner*, 85 N.M. 104, 509 P.2d 871 (1973), *cert. denied*, 414 U.S. 851, 94 S.Ct. 145, 38 L.Ed.2d 100 (1973). Nevertheless, an instruction already implicitly included in a given instruction should not be used or given when by its literal interpretation, standing alone, there would be eliminated some of the essential elements of justifiable homicide as required by the given instruction. The defendant was not prejudiced by the court's refusal of

N.M.U.J.I. Crim. 41.15 and no error may be predicated thereon. Ordinarily, a defendant is not entitled to a specific instruction where the jury has already been adequately instructed upon the matter by other instructions. *State v. Beal*, 86 N.M. 335, 524 P.2d 198 (Ct.App.1974).

 The second point raised in the appeal is that the trial court allowed the prosecutor's alleged erroneous assertion that appellant had changed her testimony at trial to remain uncorrected. During his closing argument, the prosecutor stated, *inter alia*:

> The truth is the foremost aim of this entire process. And, the other [instruction] says you, and you alone, are the judges of the credibility of the witnesses. And, ladies and gentlemen, you have seen some of the worst, most unbelievable lying that you can ever see. Gloria Venegas changed her testimony while on the stand, as Velma Venegas did, and admitted to cold perjury at Preliminary Hearing.

After the prosecutor made this statement, defense counsel objected on the ground that Velma Venegas had not changed her testimony on the stand. The judge overruled the objection and stated:

> He [the prosecutor] may argue as to the inconsistencies of her testimony, and the inconsistencies of all the testimony of all of the people who were related to her and involved in this. It's perfectly good argument before the jury.

After reading the entire transcript of the argument, we believe that the statement taken in context was only a characterization of Gloria Venegas, the defendant's sister, as having changed her testimony and as having committed perjury at the preliminary hearing.

 The jury heard Gloria Venegas admit under oath that she had lied at the preliminary hearing. The jury also heard Velma Venegas' testimony during the trial and could assess for themselves whether she changed her testimony while on the stand as the prosecutor claimed in his closing argument. Further, the court had previously instructed the jury that what is said in the

arguments by the lawyers is not evidence. The prosecutor, as well as the defense, is allowed wide latitude in closing argument and the trial court has wide discretion in dealing with and controlling closing argument. *State v. Ruffino*, 94 N.M. 500, 612 P.2d 1311 (1980); *State v. Anaya*, 79 N.M. 43, 439 P.2d 561 (Ct.App.1968). The statement by the prosecutor is fair comment on the evidence. The judgment and sentence are affirmed.

IT IS SO ORDERED.

EASLEY, C. J., and PAYNE and FEDERICI, JJ., concur.

DAN SOSA, Jr., Senior Justice, not participating.