861 P.2d 965

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Jim BUNCE, Defendant–Appellant.**

No. 20231.

Supreme Court of New Mexico.

Sept. 27, 1993.

Sammy J. Quintana, Chief Public Defender, Hugh W. Dangler, Amme M. Hogan, Asst. Appellate Defenders, Santa Fe, for defendant-appellant.

Hon. Tom Udall, Atty. Gen., Max Shepherd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

*OPINION*

BACA, Justice.

In this case, we consider the propriety of the embezzlement jury instructions given and answer one question certified to us by the Court of Appeals: Whether the trial court erred when it refused to instruct the jury that mistake of fact was a defense to embezzlement. Holding that, under the facts of this case, failure to instruct the jury on a correct application of the mistake-of-fact defense is fundamental error, we reverse and remand for a new trial.

I

In December of 1988, Defendant Jim Bunce entered into several contracts with Dale Bigler. Under the terms of one of those contracts, Defendant, a licensed contractor doing business as Bunce Construction, was required to erect a metal building for Bigler's business, Melrose Tire Service. In return, Defendant would receive $96,200 to be paid as work progressed, with a lump sum of $45,000 to be paid upon receipt of the building from its manufacturer.[1]

The embezzlement charges against Defendant arose out of two progress payments made by Bigler to him. On April 12, 1989, Bigler issued two checks to Defendant that totaled $16,000 (collectively referred to as "the April 12th payment"). The second payment in question, in the form of a single check for $6,000, was made by Bigler to Defendant on May 22, 1989 (the "May 22nd payment"). Sometime in June, Defendant discontinued work on the uncompleted building because Bi-

---

1. The written contract providing for erection of the building was introduced into evidence at Defendant's trial. Defendant and Bigler also entered into a verbal contract for the concrete work on the building. Other contractors were awarded the electrical and plumbing contracts.

gler, who had established a pattern of late payments, had failed to pay $6,000 that Defendant believed was due on the contract. Bigler contacted the prosecutor, who initiated embezzlement and fraud charges against Defendant.

In March of 1990, Defendant was tried for two counts of fraud or, in the alternative, two counts of embezzlement. The State's theory of the case was that the April 12th payments were intended by Bigler to cover the cost of materials and installation of garage doors that were purchased for the building, that the May 22nd payment was intended to partially cover the cost of materials and construction yet to be done, and that the payments were not used as intended. At trial, Bigler testified that in March or April Defendant requested a payment of $16,000 to cover the cost of the garage doors. Bigler testified that when the doors arrived, he paid Defendant the April 12th payment of $16,000. Bigler testified that he later discovered that Defendant had paid the door manufacturer only a portion of the purchase price and that the door manufacturer filed a materialman's lien against the building. Bigler testified that the May 22nd payment was intended to cover the cost of materials and construction, that only $322 worth of materials were delivered to the building after the May 22nd payment, and that very little work was done.

Defendant's theory of the case was that April 12th payment of $16,000 was intended to apply to an outstanding balance owed by Bigler to Defendant of $20,000 and that the May 22nd payment of $6,000 was intended to apply to an outstanding balance owed by Bigler to Defendant of $11,000. Defendant's wife, Sherry Bunce, the bookkeeper for Bunce Construction, testified that Bigler's payment record had been poor, that several of Bigler's checks had been returned for insufficient funds, that Bigler had made and broken payment promises, and that Defendant had twice walked off of the job because of Bigler's payment problems. In addition, Sherry Bunce testified that the April 12th payment was a progress payment on the contract, that the payment was not intended to pay for the garage doors, and that the payment was intended to apply against a balance due of $20,000. She also testified that the May 22nd payment was intended to cover an outstanding balance of $11,000, that when he made the $6,000 payment Bigler promised to pay the remaining $5,000 in several days, and that Bigler never paid the $5,000. Defendant also testified in his own defense. He testified that Bigler had had payment problems throughout the entire contract. Defendant testified that approximately one week before the doors were to arrive, he told Bigler that he would not continue on the project unless Bigler brought his payments up to date. He testified that the April 12th payment was received against a balance owed of $20,000, that he never told Bigler that the $16,000 was intended to purchase the doors, and that the doors were delivered to the site several days after Bigler made the April 12th payment. Defendant also testified that the May 22nd payment was received against a balance owed of $11,000. Defendant testified that when Bigler failed to make the $5,000 payment as promised, he discontinued work on the job. Based on this evidence, Defendant proffered a mistake of fact instruction, which the trial court refused.

Defendant was found guilty of two counts of embezzlement.[2] Defendant appeals, contending that the trial court erred when it failed to give his requested mistake of fact jury instruction. We agree that, under the facts of this case, the trial court should have instructed the jury that mistake of fact was a defense to the embezzlement charges, and accordingly, we reverse.

---

2. The jury was instructed to first consider the fraud charges and to consider the embezzlement charges only if it found Defendant not guilty of fraud. While the record does not contain a signed verdict on the fraud charges, we assume that the jury found Defendant not guilty on those charges. *See State v. Gonzales,* 113 N.M. 221, 230, 824 P.2d 1023, 1032 (1992) (jury presumed to follow instructions of trial court).

## II

The only issue that we address is whether the trial court erred when it failed to instruct the jury regarding mistake of fact. Defendant contends that he is entitled to an instruction on his theory of the case—mistake of fact—because he introduced sufficient evidence to support such an instruction. In addition, Defendant argues that mistake of fact is a defense when it negates the mental state essential to the crime charged. Defendant insists that he preserved this issue by submitting a correct instruction regarding mistake of fact. Defendant also asserts that, in the absence of the mistake of fact instruction, the jury was not fully apprised of the necessary elements of embezzlement and that this failure to instruct amounts to a violation of due process. In a related argument, Defendant asserts that, in the absence of a mistake of fact instruction, the intent element of the instructions given to the jury did not adequately define the intent required to support a conviction for embezzlement. Defendant concludes that we should reverse his conviction and remand for a new trial. We agree with that conclusion.

■ A defendant is entitled to have the jury instructed on his theories of the case if that theory is supported by the evidence. *State v. Venegas,* 96 N.M. 61, 62, 628 P.2d 306, 307 (1981). The trial court need not, however, offer duplicate instructions if the instructions given adequately apprise the jury of the controlling law. *Id.* at 63, 628 P.2d at 308. As the Court of Appeals has stated:

> "Ordinarily, a defendant is not entitled to a specific instruction where the jury has already been adequately instructed upon the matter by other instructions." *State v. Venegas,* 96 N.M. 61, 628 P.2d 306 (1981) (citation omitted). Our reading of

*Venegas* leads us to conclude that whenever an intent instruction involving the defendant's mental state is given, the mistake of fact concept is automatically included and does not merit a separate instruction.

*State v. Griscom,* 101 N.M. 377, 379, 683 P.2d 59, 61 (Ct.App.), *cert. denied,* 101 N.M. 362, 683 P.2d 44 (1984).

In *Venegas,* we held that the trial court did not err when it refused the defendant's requested mistake of fact instruction because that instruction would have duplicated the justified homicide instruction, which was given. 96 N.M. at 62, 628 P.2d at 307. In *Griscom,* the Court of Appeals upheld the defendant's fraud convictions in the absence of a mistake of fact instruction because each of the instructions on fraud required that the State prove that "defendant, by any words or conduct, made a promise she had no *intention* of keeping ..." and because six of the instructions included the language "intending to deceive or cheat." *Griscom,* 101 N.M. at 379, 683 P.2d at 61. The Court of Appeals reasoned that a mistake of fact instruction would merely restate what had been adequately covered by the other instructions and that the mistake of fact instruction was therefore unnecessary. *Id.* Taken together, *Venegas* and *Griscom* teach that the trial court need not give a mistake of fact instruction where the intent element of the crime is adequately defined by the other instructions given by the trial court.[3] Thus, our task in this appeal is to examine the instructions given and compare those instructions with the essential elements of embezzlement as defined by NMSA 1978, Section 30-16-8 (Cum.Supp.1992).

■ In the instant case, the trial court gave the following instruction, patterned after SCRA 1986, 14-1641, regarding each of the two embezzlement counts:

---

**3.** The rationale for the rules stated in *Griscom* and *Venegas* is that a mistake of fact negates criminal intent. "[The mistake of fact defense] is merely a restatement in somewhat different form of one of the basic premises of the criminal law. Instead of speaking of ... mistake of fact ... as a defense, it would be just as easy to note simply that the defendant cannot be con-

victed when it is shown that he does not have the mental state required by law for commission of that particular offense." 1 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 5.1, at 575–76 (1986) (footnote omitted). Thus, if the jury is adequately instructed as to the intent required for conviction, the mistake of fact instruction is superfluous.

For you to find the defendant guilty of embezzlement as charged in ... [Count I or II], the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. The defendant was entrusted with over $2500.00;

2. The defendant converted this money to his own use;; [sic]

3. At the time he converted this money to his own use, he intended to deprive the owner of his property;

4. This happened in New Mexico on or about the [date of the incident].

"Converting something to one's own use" means keeping another's property rather than returning it, or using another's property for one's own purpose rather than for the purpose intended by the owner.

In addition, the trial court instructed the jury on the element of general criminal intent, patterned after SCRA 1986, 14–141:

In addition to the other elements of ... Embezzlement as contained in Count I and II, the state must prove to your satisfaction beyond a reasonable doubt that the defendant acted intentionally when he committed the crime. A person acts intentionally when he purposely does an act which the law declares to be a crime. Whether the defendant acted intentionally may be inferred from all of the surrounding circumstances, such as the manner in which he acts, the means used, his conduct and any statements made by him.

The critical inquiry is whether the instructions as given adequately define the intent necessary to convict Defendant of embezzlement. If the instructions as given adequately define the requisite intent for a conviction on the embezzlement charge, then Defendant was not entitled to an instruction on mistake of fact. If, on the other hand, the embezzlement and intent instructions do not adequately define the requisite intent, Defendant was entitled to an instruction on mistake of fact.

In *State v. Green*, 116 N.M. 273, 861 P.2d 954 (1993), we considered the propriety of the uniform jury instruction for embezzlement. The trial court in *Green* gave a jury instruction patterned after UJI Criminal 14–1641. We held that the instruction failed to include a finding of fraudulent intent as a requirement for conviction under our embezzlement statute, Section 30–16–8. *Green*, 116 N.M. at 278, 861 P.2d at 959. While the defendant in *Green* neither objected to the instructions as given nor tendered a correct instruction, we nonetheless reversed his conviction for embezzlement because the instructions as given failed to include all of the essential elements of the crime charged as required by SCRA 1986, 5–608(A) (Repl.Pamp.1992). *Id.* at 278, 861 P.2d at 959.

In the instant case, the trial court gave an instruction that is identical in form to the instruction given in *Green*. As in *Green*, the instruction given did not instruct the jury that it had to find that Defendant acted with fraudulent intent in order to render a guilty verdict. The problem with the instruction given in *Green* was that the jury could convict the defendant for innocent conduct. 116 N.M. at 278, 861 P.2d at 959. That problem also exists with the instruction in the instant case. To convict Defendant of embezzlement in this case, the jury only had to find that Defendant received the payments from Bigler, that Defendant converted the money to his own use, and that Defendant intended to deprive Bigler of the money. If the facts were as Defendant believed them to be—that the payments were intended to apply to the balance due—then under the embezzlement instruction as given, Defendant could be convicted even though he lacked fraudulent intent. Thus, the embezzlement instruction in this case, as the similar instruction in *Green*, allows a conviction for potentially innocent conduct.

The general intent instruction as given here was not given in *Green*. That instruction, however, does not cure the defect that we determined required reversal of the defendant's conviction in *Green*. Under the general intent instruction given in this case, the jury would still be able to convict

Defendant if it found that Defendant "purposely [did] an act which the law declares to be a crime." SCRA 14–141. The "law" that the jury would be following would be the instructions as given in the case. Because the embezzlement instruction as given would allow the jury to convict Defendant for innocent conduct, that instruction did not adequately instruct the jury on the intent required. Thus, aside from any question of fundamental error, if Defendant offered a correct instruction on mistake of fact, the trial court erred when it failed to charge the jury with that instruction. *Cf.* SCRA 1986, 5–608(D) (Repl. Pamp.1992) (requiring the tender of correct instructions); *State v. Romero*, 87 N.M. 279, 280, 532 P.2d 208, 209 (Ct.App.1975) (same).

■ The Defendant's requested mistake of fact instruction, which was patterned after SCRA 1986, 14–5120, reads as follows:

> EVIDENCE has been presented that the Defendant believed that Dale Bigler owed him money under that Contract entered into between he [sic] and Bigler. If the Defendant acted under an honest and reasonable belief in the existence of those facts, you must find him not guilty.
>
> In considering this defense and after considering all the evidence of the case, if you have a reasonable doubt as to the Defendant's guilt, you must find him not guilty.

This instruction is not an adequate statement of the law because it would require the jury to find Defendant not guilty if Defendant believed only that Bigler owed him money. The critical question, however, is not whether Defendant believed that Bigler owed him money, but whether the payments were intended to apply to the balance due or whether those payments were intended for some other purpose, such as the purchase and installation of materials. *See State v. Gonzales*, 99 N.M. 734, 736, 663 P.2d 710, 712 (Ct.App.) (in embezzlement prosecution, defendant's belief that he is owed money is insufficient to support mistake of fact instruction in absence of good faith belief that he was entitled to expend funds as alleged), *cert. de-*

*nied*, 99 N.M. 644, 662 P.2d 645, *and cert. denied*, 464 U.S. 855, 104 S.Ct. 173, 78 L.Ed.2d 156 (1983). The requested jury instruction thus failed to allege adequate mistaken facts believed by Defendant to support giving that instruction. *See State v. Ho'o*, 99 N.M. 140, 146, 654 P.2d 1040, 1046 (Ct.App.), *cert. denied*, 99 N.M. 148, 655 P.2d 160 (1982).

■ While Defendant in this case offered an inadequate instruction on mistake of fact, we nonetheless reverse his convictions under the doctrine of fundamental error. "The doctrine of fundamental error ... will be invoked by an appellate court only when the question of guilt is so doubtful that it would shock the conscience to permit the conviction to stand, or when the court considers it necessary to avoid a miscarriage of justice." *State v. Ortega*, 112 N.M. 554, 566, 817 P.2d 1196, 1208 (1991); *see also Jackson v. State*, 100 N.M. 487, 672 P.2d 660 (1983) (reversing Court of Appeals' decision that refused to find error where defendant submitted incorrect instructions). As discussed above, the jury instructions as given in this case would allow the jury to convict Defendant even if his conduct was innocent. Defendant introduced evidence that would allow the jury to acquit under a correct statement of the law. To allow a conviction to stand under these facts would shock this Court's conscience and would result in a miscarriage of justice. *Cf. State v. Osborne*, 111 N.M. 654, 663, 808 P.2d 624, 633 (1991) (reversing conviction under doctrine of fundamental error where jury instruction failed to include all elements essential to conviction).

Accordingly, we reverse Defendant's convictions for embezzlement and remand this cause for a new trial on the embezzlement charges.

**IT IS SO ORDERED.**

RANSOM, C.J., and FRANCHINI, J., concur.