This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **NO. 33,993**

**MARTIN SISNEROS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Sergio Viscoli, Appellate Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRENCH, Judge.**

{1}    Martin Sisneros (Defendant) appeals his convictions for larceny of property with a value of more than $250 but not more than $500, contrary to NMSA 1978, Section 30-16-1(A), (C) (2006), and conspiracy to commit larceny, contrary to NMSA 1978, Section 30-28-2 (1979). Defendant argues that his conviction for larceny should be overturned because the district court committed reversible error when it refused to tender Defendant's requested mistake of fact jury instruction. Defendant argues that his conspiracy conviction should be reversed because the jury was not properly instructed. Finally, Defendant contends that if we reverse his conviction for conspiracy, retrial would violate double jeopardy protections and is therefore proscribed.

{2}    We affirm Defendant's conviction for larceny, reverse Defendant's conviction for conspiracy, and hold that he cannot be again placed in jeopardy for conspiracy.

**BACKGROUND**

{3}    Defendant was charged in connection to the theft of construction materials from a construction site. At approximately 4 a.m., a police officer noticed the brake lights of a car on a construction site. Using binoculars, the officer observed Defendant walking in or near the construction area. The officer followed the car when it drove away from the construction site and stopped the car after it ran a red light. Defendant was driving the car and with him was a female passenger.

2

**{4}** In the open trunk of the car, the officer observed two bundles of rebar, as well as additional rebar inside the car. The officer testified that the bundles of rebar were "still wrapped in plastic." According to the officer's testimony, Defendant explained to the officer that the materials were taken from a "waste area" and that because there were no signs of a fence, he believed that he was entitled to take the materials legally.

**{5}** Defendant was later charged with larceny and conspiracy to commit larceny, for property worth more than $500, but not more than $2500. At trial, the owner of the construction company testified as to the value of the materials found in Defendants' car. The owner's testimony was inconsistent because he placed the value of the rebar both less than and more than $500.

**{6}** At the close of trial, Defendant requested a mistake of fact instruction, but the district court denied the instruction. After the trial, Defendant filed a motion to dismiss the conspiracy conviction and it was denied. He then filed a motion to reconsider the district court's denial, but it too was denied. Defendant timely appealed.

**THE DISTRICT COURT DID NOT ERR IN DENYING DEFENDANT'S PROPOSED MISTAKE OF FACT JURY INSTRUCTION**

**{7}** Defendant argues that the district court committed reversible error when it denied his request for the jury instruction on mistake of fact, UJI 14-5120 NMRA. Defendant contends that evidence was presented that the construction materials he

3

loaded into his car were waste, therefore, he was entitled to an instruction. On that basis, argues Defendant, he was entitled to an instruction that required the jury to consider whether Defendant made a mistake of fact that negated the requisite intent for larceny.

{8} The denial of a jury instruction is reviewed de novo as a mixed question of law and fact. *State v. Swick*, 2012-NMSC-018, ¶ 60, 279 P.3d 747. A defendant is entitled to have the jury instructed on theories of the case that are supported by evidence presented at trial. *State v. Venegas*, 1981-NMSC-047, ¶ 9, 96 N.M. 61, 628 P.2d 306. "When considering a defendant's requested instructions, we view the evidence in the light most favorable to the giving of the requested instruction[s]." *State v. Boyett*, 2008-NMSC-030, ¶ 12, 144 N.M. 184, 185 P.3d 355 (internal quotation marks and citation omitted). "When evidence at trial supports the giving of an instruction on a defendant's theory of the case, failure to so instruct is reversible error." *State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69. However, duplicate instructions need not be given if the tendered instructions "adequately apprise the jury of the controlling law." *State v. Bunce*, 1993-NMSC-057, ¶ 8, 116 N.M. 284, 861 P.2d 965. "[W]henever an intent instruction involving the defendant's mental state is given, the mistake of fact concept is automatically included and does not merit a separate instruction." *Id.* (internal quotation marks and citation omitted).

**{9}** For the following reasons, we conclude that the jury was adequately instructed. The larceny statute is silent as to the requisite mens rea for the offense. *See* § 30-16-1(A) ("Larceny consists of the stealing of anything of value that belongs to another."). Nevertheless, "[l]arceny includes the concept of criminal intent." *State v. Austin*, 1969-NMCA-095, ¶ 12, 80 N.M. 748, 461 P.2d 230. "The mental state required in larceny-type offenses [is] intent to take, coupled with knowledge of the facts making the taking unlawful[.]" *State v. Powell*, 1993-NMCA-021, ¶ 6, 115 N.M. 188, 848 P.2d 1115. The jury was instructed that in order to find Defendant guilty of larceny, it had to find that Defendant took construction materials "belonging to another . . . [and a]t the time [Defendant] took this property, [he] intended to permanently deprive the owner of [the property.]" Had the jury believed that Defendant mistakenly thought the property was waste—i.e., belonged to no one—then it could not have found that Defendant intended to deprive the owner of the construction materials belonging to the owner. The tendered instructions adequately defined the requisite intent to convict Defendant of larceny and, accordingly, we affirm that conviction. *See State v. Griscom*, 1984-NMCA-059, ¶¶ 14-15, 101 N.M. 377, 683 P.2d 59 (holding that the district court did not commit error where that court denied a mistake of fact instruction where the tendered instructions adequately instructed the jury as to the requisite intent for conviction).

5

**CONSPIRACY INSTRUCTION CONSTITUTED FUNDAMENTAL ERROR**

{10}     The standard of review applied to a claim of error based on instructions to the jury is determined by whether the issue was preserved. *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. Because defense counsel in this case did not object to the jury instruction on conspiracy, we review for fundamental error. *See State v. Montoya*, 2013-NMSC-020, ¶ 14, 306 P.3d 426 (stating that when trial counsel does not object to a jury instruction, the appellate courts review for fundamental error). When we review for fundamental error, we will not reverse "unless it is necessary to prevent a miscarriage of justice." *Id.* (internal quotation marks and citation omitted). Fundamental error analysis of jury instructions requires reversal when the error in instruction leaves "no way of knowing whether the conviction was or was not based on the lack of the essential element." *Swick*, 2012-NMSC-018, ¶ 46.

{11}     Defendant argues that he cannot be retried for conspiracy because the jury specifically found that he did not commit felony larceny and, on the evidence presented, the jury could not have found that Defendant engaged in conspiracy to commit felony larceny. In this case, the State agrees with Defendant that the jury

instruction on conspiracy constituted fundamental error and, for that reason, the conspiracy conviction should be reversed. Although the appellate courts are not bound by the State's concession, *State v. Guerra*, 2012-NMSC-027, ¶ 9, 284 P.3d 1076, we agree with the parties for the reasons below.

{12}     The jury instruction on conspiracy tendered in this case did not require the jury to determine the value of the goods Defendant was accused of conspiring to steal. The value of the property that Defendant was accused of conspiring to steal determined whether Defendant conspired to commit a felony. *See* § 30-16-1(B), (C), (D). (punishing only the theft of more than $500 as a felony, and the theft of $500 or less as a misdemeanor or petty misdemeanor). The conspiracy statute under which Defendant was convicted requires that the objective of the conspiracy be a felony. *See* § 30-28-2(A) (stating that "[c]onspiracy consists of knowingly combining with another for the purpose of committing a felony"). The statutory requirement that the conspiracy relate to the commission of, specifically, a felony, is therefore an essential element of the offense under a plain reading of the statute. *See Swick*, 2012-NMSC-018, ¶ 56 ("In determining what is or is not an essential element of an offense, [the appellate courts] begin with the language of the statute itself, seeking of course to give effect to the intent of the [L]egislature." (internal quotation marks and citation omitted)). Because the jury was not instructed to make any finding about the value of

the goods Defendant was accused of conspiring to steal, this Court cannot know whether Defendant was convicted for conspiracy to commit a felony, which is punishable under Section 30-28-2, or conspiracy to commit a misdemeanor, which is not. Thus, we cannot know whether the jury convicted Defendant on the basis of innocent conduct. This constitutes fundamental error. *See Montoya*, 2013-NMSC-020, ¶ 14 (stating that it is fundamental error where a misinstruction renders it impossible for a court to discern whether a conviction was or was not based on the failure to instruct on an essential element). We accept the position of the parties and reverse Defendant's conviction for conspiracy.

**DOUBLE JEOPARDY BARS RETRIAL FOR CONSPIRACY**

{13}     The State also agrees with Defendant that the Double Jeopardy Clause of the United States Constitution bars retrial, and upon review, we accept that consensus of the parties. *See Guerra*, 2012-NMSC-027, ¶ 9 (stating that an appellate court is not bound by a concession of the state).

{14}     Among the protections provided by the Double Jeopardy Clause is freedom from a second prosecution for the same offense after one has been either acquitted or convicted. *Montoya*, 2013-NMSC-020, ¶ 23. Whether the Double Jeopardy Clause bars retrial of Defendant is a question of law that we review de novo. *Swick*, 2012-NMSC-018, ¶ 10.

{15} In this case, the jury was specifically instructed to consider four possible verdicts with regard to the larceny charge:

    (1)    guilty of larceny over $500 but not more than $2,500;

    (2)    guilty of larceny over $250 but not more than $500;

    (3)    guilty of larceny of $250 or less;

    (4)    not guilty[.]

The jury submitted a verdict finding Defendant guilty of larceny over $250 but less than $500. The verdict was for a lesser included offense of the original charge, that was in essence, felony larceny. Thus, by deliberating on whether Defendant stole more than $500 worth of property and then specifically rejecting that charge, the jury found Defendant innocent of felony larceny. We observe that the State has not presented argument or pointed to any evidence to indicate that Defendant intended to steal property proven later to be valued at more than $500. Because Defendant was found guilty of the lesser included charge of misdemeanor larceny, and innocent of felony larceny, and the State has not offered any evidence that Defendant conspired to steal property proven later to be valued at more than $500, we agree with the parties and hold that Defendant is protected by the Double Jeopardy Clause of the United States Constitution from further prosecution for that offense. *Cf. Montoya*, 2013-NMSC-020, ¶ 25 (holding that the Double Jeopardy Clause of the United States Constitution

9

prevented retrial on the more serious offense of second degree murder where the jury convicted of the lesser included offense of voluntary manslaughter after deliberating under proper instructions on both offenses).

**CONCLUSION**

{16} For the foregoing reasons, we affirm Defendant's conviction for larceny and reverse Defendant's conviction for conspiracy and remand with instructions to vacate the conspiracy conviction and to resentence Defendant as necessary.

{17} **IT IS SO ORDERED.**

_____
**STEPHEN G. FRENCH, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**M. MONICA ZAMORA, Judge**