This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40278**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**GARY R. AHIDLEY a/k/a GARY RAYMONE AHIDLEY,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTREO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Leland M. Churan, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**    This matter was submitted to this Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in In re Pilot Project for Criminal Appeals, No. 2019-002, effective October 1, 2019. Following consideration of

the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm.

{2}     Following a jury trial, Defendant appeals a conviction of unlawful taking of a motor vehicle. On appeal, he raises the following issues: (1) the district court erred in failing to instruct the jury on the defense of mistake of fact; (2) the district court erred in giving the jury a statute-based instruction on consent; (3) the two jury instruction errors resulted in cumulative error; and (4) the evidence was insufficient to support his conviction.

## MISTAKE-OF-FACT INSTRUCTION

{3}     Defendant claims that the district court should have instructed the jury on mistake of fact, which would have required the State to prove beyond a reasonable doubt that he did not have an honest and reasonable belief that he was authorized to take the vehicle. **[BIC 6]** In order to establish error, a refused jury instruction must be supported by the evidence. *See State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69 (stating that a defendant is entitled to jury instructions on his or her theory of the case if there is evidence to support the instruction). Whether Defendant was entitled to this jury instruction is a "mixed question of law and fact that we review de novo." *See State v. Skippings*, 2011-NMSC-021, ¶ 10, 150 N.M. 216, 258 P.3d 1008. In making the legal determination, "we view the evidence in the light most favorable to the giving of the requested instructions." *Id.* (alteration, internal quotation marks, and citation omitted).

{4}     Here, the jury was given the general intent instruction, UJI 14-141 NMRA:

> In addition to the other elements of unlawful taking of a motor vehicle, the [S]tate must prove to your satisfaction beyond a reasonable doubt that [D]efendant acted intentionally when he committed the crime. A person acts intentionally when he purposely does an act which the law declares to be a crime. Whether [D]efendant acted intentionally may be inferred from all of the surrounding circumstances, such as the manner in which he acts, the means used, his conduct, and any statements made by him.

**[RP 161]**

{5}     As noted, the district court refused to also include a mistake-of-fact instruction. Defendant and the State dispute whether a mistake-of-fact instruction should ever be given in an unlawful taking of a motor vehicle case. Defendant maintains that a mistake-of-fact defense is distinct from the general intent instruction, whereas the State argues that UJI 14-141 was sufficient to satisfy the requisite criminal intent. **[BIC 5; AB 6]** *See State v. Bunce*, 1993-NMSC-057, ¶ 9, 116 N.M. 284, 861 P.2d 965 (stating that the district court "need not give a mistake of fact instruction where the intent element of the crime is adequately defined by the other instructions given"). The State's legal argument is the stronger of the two. *See State v. Austin*, 1969-NMCA-095, ¶ 9, 80 N.M. 748, 461 P.2d 230 (dismissing argument that a mistake as to consent could result in a conviction

for unlawful taking of a vehicle, because criminal intent is required). However, we do not need to reach the issue of whether a mistake-of-fact instruction may be required in a case of unlawful taking of a motor vehicle. As is clear from our sufficiency review below addressing the facts of this case, there is no view of the evidence that Defendant could have reasonably believed that he had consent to take the vehicle overnight, stranding Victim at the bar and resulting in her having to walk to a relative's house. As a result, Defendant has not established that he was entitled to a mistake-of-fact instruction. *See Brown*, 1996-NMSC-073, ¶ 34.

## CONSENT

**{6}** Defendant claims that the district court improperly instructed the jury on the issue of consent. **[BIC 10]** Defendant observes that there is no uniform jury instruction that specifically applies, and he argues that it amounts to an impermissible comment on evidence. **[BIC 10-13]** The district court gave the jury the following instruction:

> The consent of the owner of the vehicle or motor vehicle to its taking shall not in any case be presumed or implied because of the owner's consent on a previous occasion to the taking of the vehicle or motor vehicle by the same or a different person.

**[RP 160]**

**{7}** We disagree with Defendant's characterization of this instruction. Where there is no uniform jury instruction associated with a statutory provision, "the district court was required to give an instruction that substantially follows the language of the statute." *State v. Luna*, 2018-NMCA-025, ¶ 21, 458 P.3d 457 (alteration, internal quotation marks, and citation omitted). This is because it is the role of the Legislature to define crimes. *See State v. Nunez*, 2000-NMSC-013, ¶ 49, 129 N.M. 63, 2 P.3d 264. Here, the challenged instruction is identical to the unlawful taking statute's definition of consent stating that past permissive use does not create a presumption of consent. *See* NMSA 1978, § 30-16D-1(B) (2009). As such, the challenged instruction accurately reflected the law applicable to the scope of Defendant's consent defense, and did not amount to an impermissible comment on the evidence.

## CUMULATIVE ERROR

**{8}** Defendant claims that the two alleged jury instruction errors amounted to cumulative error. **[BIC 13]** "The doctrine of cumulative error requires reversal when a series of lesser improprieties throughout a trial are found, in aggregate, to be so prejudicial that the defendant was deprived of the constitutional right to a fair trial." *State v. Guerra*, 2012-NMSC-014, ¶ 47, 278 P.3d 1031 (internal quotation marks and citation omitted). Having found no error with respect to the jury instruction issues, we need not address Defendant's cumulative error argument. *See State v. Aragon*, 1999-NMCA-060, ¶ 19, 127 N.M. 393, 981 P.2d 1211.

**SUFFICIENCY OF THE EVIDENCE**

**{9}** Defendant claims that the evidence was insufficient to support his conviction. **[BIC 16]** When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{10}** In order to support Defendant's conviction, the evidence had to show that Defendant took a white Ford vehicle without the owner's consent. [RP 159] Our review of the facts in this case show that the State presented sufficient evidence to support Defendant's conviction. Specifically, Victim, Victim's aunt, and Defendant went to a bar in Tularosa around 9:00 p.m. [BIC 1] The three were in Victim's white Ford vehicle, with Defendant (Victim's friend) driving. [BIC 1] Victim testified that, after a drink or two, she gave Defendant the car keys so that he could retrieve his phone from her vehicle. [BIC 1] Victim went back into the bar briefly, but soon came outside and saw her car being driven away. [BIC 1-2] Although she had given him permission to drive the car on occasion, she did not do so this time; instead, she specifically told Defendant he could not use the car to leave the bar that night. [BIC 2-3] Defendant did not return the car that evening, and Victim ended up walking to a relative's house. [BIC 2] She received a call the next morning from the Tularosa police, saying that the car had been located about a mile from the bar. [BIC 2]

**{11}** Defendant claims that there is an inconsistency in Victim's testimony because she testified that she always had given Defendant permission to drive in the past. [BIC 17-18] As noted above, there is no indication from the evidence presented that any past permission would have created a reasonable belief that he could take the vehicle for the evening and leave Victim at the bar. Even assuming, arguendo, that any inconsistency existed, this would be a matter to be resolved by the jury. *See State v. Ortiz-Burciaga*, 1999-NMCA-146, ¶ 22, 128 N.M. 382, 933 P.2d 96 ("It is the exclusive province of the jury to resolve factual inconsistencies in testimony." (internal quotation marks and citation omitted)). We hold that the evidence was sufficient to support his conviction for unlawful taking of a vehicle.

**{12}** For the reasons set forth above, we affirm.

**{13} IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**