This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40740**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JARED YOUNG,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Court Judge**

Raúl Torres, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** This matter was submitted to the Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** On retrial, Defendant was convicted of second degree murder.[1] He raises two related issues on appeal, contending that the district court's failure to instruct the jury on mistake of fact constituted fundamental error, and that his attorney's failure to request such an instruction amounted to ineffective assistance of counsel. [BIC 7-19] For the reasons that follow, we reject the assertions of error.

## BACKGROUND

**{3}** The relevant background information was set forth at length in the opinion issued by this Court in connection with Defendant's prior appeal. *See State v. Young*, 2021-NMCA-049, ¶¶ 2-12, 495 P.3d 1189. Very briefly, Defendant's second degree murder conviction arose from the fatal shooting of David Talley. Defendant did not dispute that he caused the victim's death; however, he claimed that he was joking with victim, never intended to kill him, and pulled the trigger not knowing the gun was loaded. The issues on appeal arise in relation to this defense.

## DISCUSSION

### I.     The Jury Instructions Did Not Result in Fundamental Error

**{4}** First and foremost, Defendant argues that the jury instructions were inadequate in the absence of a mistake of fact instruction. [BIC 7-16]

**{5}** Because Defendant did not proffer such an instruction or otherwise alert the district court to this issue, we review for fundamental error only. *See State v. Samora*, 2016-NMSC-031, ¶ 27, 387 P.3d 230. Error is fundamental when the instructions "fail to inform the jurors that the State has the burden of proving an essential element of a crime and [the reviewing court is] left with no way of knowing whether the jury found that element beyond a reasonable doubt." *Id.* ¶ 29 (internal quotation marks and citation omitted).

**{6}** "Ignorance or mistake as to a matter of fact or law is a defense if it negatives a mental state required to establish a material element of the crime." *State v. Nozie*, 2009-NMSC-018, ¶ 34, 146 N.M. 142, 207 P.3d 1119 (internal quotation marks and citation omitted). Ordinarily, "a defendant in a criminal case is entitled to have the jury instructed upon . . . theories of the case supported by the evidence." *State v. Venegas*, 1981-NMSC-047, ¶ 9, 96 N.M. 61, 628 P.2d 306. However, "a defendant is not entitled to a specific instruction where the jury has already been adequately instructed upon the matter by other instructions." *Id.*

**{7}** In this case, the jury was instructed on second degree murder, consistent with the uniform jury instructions, as follows:

---

1Defendant had been convicted of possession of a controlled substance, tampering with evidence, possession of drug paraphernalia, and possession of marijuana or synthetic cannabinoids during his first trial.

> For you to find [D]efendant guilty of second degree murder . . . the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> > 1. [D]efendant killed David Tally;
> >
> > 2. [D]efendant knew that his acts created a strong probability of death or great bodily harm to David Tally;
> >
> > 3. This happened in New Mexico on or between the 18th day of December, 2016, and the 19th day of December, 2016.

[RP 478]

**{8}** The jury also received the following step-down instruction on the lesser included offense of voluntary manslaughter:

> For you to find [D]efendant guilty of involuntary manslaughter as charged in Count 1, the [S]tate must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> > 1. [Defendant], in jest and believing the firearm was unloaded, pointed such firearm at David Tally and pulled the trigger;
> >
> > 2. [Defendant] should have known of the danger involved by [his] actions;
> >
> > 3. [Defendant] acted with a willful disregard for the safety of others;
> >
> > 4. [Defendant]'s act caused the death of David Tally; [and]
> >
> > 5. This happened in New Mexico on or between the 18th day of December, 2016, and the 19th day of December, 2016.

[RP 480]

**{9}** We conclude that the foregoing instructions adequately informed the jury, such that further instruction on mistake of fact was not required. *See State v. Bunce*, 1993-NMSC-057, ¶ 9, 116 N.M. 284, 861 P.2d 965 ("[T]he trial court need not give a mistake of fact instruction where the intent element of the crime is adequately defined by the other instructions given by the trial court."); *State v. Griscom*, 1984-NMCA-059, ¶ 14, 101 N.M. 377, 683 P.2d 59 ("[W]henever an intent instruction involving the defendant's mental state is given, the mistake of fact concept is automatically included and does not merit a separate instruction.").

**{10}** As the quoted material indicates, the jury was instructed that in order to find Defendant guilty of second degree murder, they had to find that Defendant "knew that his acts created a strong probability of death or great bodily harm to David Tally." Had the jury accepted that Defendant reasonably believed the gun was not loaded, then the jury could not have found that Defendant had the requisite knowledge. Because the instruction adequately defined the intent necessary to convict Defendant of second degree murder and sufficiently addressed Defendant's claimed mistake of fact, we find no error. *See Nieto*, 2000-NMSC-031, ¶ 15 (holding that a similar instruction that the defendant knew that his conduct created a strong probability of death or great bodily harm adequately defined the intent element, and that the defendant's claimed mistake of fact was subsumed by the murder instruction).

**{11}** Moreover, the instruction on voluntary manslaughter made clear Defendant's mistake of fact defense. *See Young*, 2021-NMCA-049, ¶¶ 17-29 (explaining how the evidence, viewed in the light most favorable to the defense, was capable of supporting a conviction for voluntary manslaughter based on the defendant's theory). Although Defendant urges the Court to disregard this instruction on grounds that the jury was advised to consider it only if it was unable to arrive at consensus relative to the second degree murder charge, [BIC 10] the jury was in fact instructed that it was at liberty "to choose the manner and order in which [to] *deliberate*" on the crimes of second degree murder and involuntary manslaughter. [RP 481] Accordingly, although the authorities discussed above indicate that the instruction on second degree murder was sufficient to convey the requisite information in and of itself, thereby obviating the need for further instruction on mistake of fact, the step-down instruction on involuntary manslaughter eliminates any lingering ambiguity. *Cf. State v. Cummingham*, 2000-NMSC-009, ¶ 21, 128 N.M. 711, 998 P.2d 176 ("[I]n a fundamental error analysis jury instructions should be considered as a whole and a failure to include an essential element in the elements section may be corrected by subsequent proper instructions that adequately addresses the omitted element."). We therefore reject Defendant's claim of fundamental error.

## II.  Defendant Has Not Made a Prima Facie Showing of Ineffective Assistance of Counsel

**{12}** Defendant further contends that he received ineffective assistance of counsel because his trial attorney did not request instruction on mistake of fact. [BIC 16-18]

**{13}** In order to make a prima facie case of ineffective assistance of counsel, Defendant must show that "(1) counsel's performance was deficient, and (2) such deficiency resulted in prejudice against the defendant." *State v. Garcia*, 2011-NMSC-003, ¶ 33, 149 N.M. 185, 246 P.3d 1057. To prevail on the prejudice prong, "[a] defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289 (internal quotation marks and citation omitted).

**{14}**     As described in the preceding section, the elements instructions adequately covered intent and the mistake of fact defense. Because Defendant was not entitled to additional instruction on mistake of fact, counsel's failure to request such an instruction cannot be regarded as deficient, and we perceive no basis for Defendant's claim of prejudice. *See State v. Torres*, 2005-NMCA-070, ¶ 18, 137 N.M. 607, 113 P.3d 877 ("[A]n assertion of prejudice is not a showing of prejudice." (internal quotation marks and citation omitted)). Accordingly, we conclude that Defendant has failed to establish a prima facie case of ineffective assistance of counsel.

**CONCLUSION**

**{15}**     For the foregoing reasons, we affirm.

**{16}     IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**